RYAN, Circuit Judge,
dissenting.
This appeal is essentially a rerun of what the parties argued and our panel majority decided in ACLU v. McCreary County, 354 F.3d 438 (6th Cir.2003) (McCreary III), and the Supreme Court affirmed in McCreary County v. ACLU, 545 U.S. 844, 125 S.Ct. 2722, 162 L.Ed.2d 729 (2005) (McCreary IV). The only real difference is that this appeal presents the question whether the defendants have “purged” the “Foundations of Law and Government Displays” of the religious “taint” of the Ten Commandments. My colleagues think they have not. I think they could not because there was no “taint” to be “purged,” and even if there were, the defendants’ effort to do so has been disqualified as a mere “litigating position.”
The merits and demerits of the vitally important First Amendment Establishment Clause issues that are at the heart of this case were thoroughly discussed in Judge Clay’s opinion for the panel and my dissenting opinion in McCreary III, and in Justice Souter’s opinion for the Supreme Court and Justice Scalia’s dissent in McCreary IV.
My colleagues have deftly foreclosed consideration of the issue whether the counties’ 2007 resolutions expressly disclaiming any intention to endorse religion may have “purged the taint” of religion from the third set of displays with the dismissive observation that the 2007 resolutions were “adopted only as a litigating position.” With that nearly Clausewitz-perfect blocking action, I am left with nothing to add to what I wrote in McCreary III, except the following:
1. I humbly associate myself with Justice Scalia’s powerful and logically compelling explanation in McCreary IV that the displays in question do not violate the First Amendment and never did.
2. I cannot be too critical of my panel colleagues who feel stare decisis bound by the Supreme Court majority’s persistent hostility to religion and its refusal to acknowledge the historical evidence that religion, religious symbols, and the support of religious devotion were of the very essence of the values the Constitution’s authors and the ratifying legislators thought they were preserving in the language of the First Amendment.
The result, I fear, is that federal courts will continue to close the Public Square to the display of religious symbols as fundamental as the Ten Commandments, at least until the Supreme Court rediscovers the history and meaning of the words of the religion clauses of the First Amendment and jettisons the flawed reasoning of Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971).
3. Perhaps the panel’s decision in this case, taken together with this court’s decisions in ACLU v. Mercer County, 432 F.3d 624 (6th Cir.2005), and ACLU v. Grayson County, 591 F.3d 837 (6th Cir.2010), will move our court to reconsider en banc what my colleagues have held today, from which I strongly dissent. See McCreary III and McCreary TV.